IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01608-BNB

MICHAEL REA,

    Applicant,

v.

HOYT BRILL, Warden, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 05 2009

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Applicant, Michael Rea, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Rea initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Larimer County, Colorado, district court case number 02CR315. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In an order filed on August 19, 2008, Magistrate Judge Craig B. Shaffer ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On September 5, 2008, Respondents

filed their pre-answer response. On September 11, 2008, Mr. Rea filed a reply to the pre-answer response.

On October 24, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Rea, within thirty days, to file an amended application because, on closer review, Magistrate Judge Boland determined that Mr. Rea's habeas corpus application failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and, as a result, Respondents' response attempted but was unable to respond to each asserted claim in an organized manner understandable to the Court. On November 18, 2008, Mr. Rea filed the amended application. On November 20, 2008, Magistrate Judge Boland ordered Respondents to file within twenty days a pre-answer response to the amended application limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254 (b)(1)(A) and that replaced the pre-answer response originally filed on September 5, 2008. On January 12, 2009, Respondents filed their pre-answer response to the amended application. On January 22, 2009, Mr. Rea filed his reply to the January 12 pre-answer response.

The Court must construe liberally the amended application and reply filed by Mr. Rea because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended application in part by dismissing all claims except claim two.

Mr. Rea was charged with various sexual offenses involving two children. He was convicted by a jury in Larimer County District Court case number 02CR315, and sentenced to prison for an indeterminate term of sixteen years to life. He filed a direct appeal, which was unsuccessful. *See People v. Rea*, No. 03CA1934 (Colo. Ct. App. July 14, 2005) (not published). On January 23, 2006, the Colorado Supreme Court denied certiorari review.

On March 14, 2006, Mr. Rea filed a motion for reconsideration of sentence, which on March 22, 2006, the trial court denied. On December 18, 2006, Mr. Rea filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which on January 4, 2007, the trial court summarily denied. On August 7, 2008, the Colorado Court of Appeal affirmed. *See People v. Rea*, No. 07CA0177 (Colo. Ct. App. Aug. 7, 2008). Mr. Rea did not petition for certiorari review.

On March 13, 2008, while his postconviction appeal was pending, Mr. Rea filed a document titled "State Habeas Corpus, Pursuant to Colorado Rule 106(4) – Other Remedial Writs." In an order dated April 25, 2008, the postconviction court converted the state habeas action to a Colo. R. Crim. P. 35(c) action, and denied it summarily. On May 29, 2008, the Colorado Supreme Court denied certiorari review. On July 7, 2008, Mr. Rea filed a Colo. R. Crim. P. 35(a) postconviction motion, which the trial court summarily denied on July 10, 2008.

On August 12, 2008, Mr. Rea filed the instant habeas corpus application. Respondents concede that the instant action is filed in a timely manner, i.e., within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the one-year limitation period.

Mr. Rea asserts three claims. As his first claim, he asserts various errors in connection with the jury's determination that his sexual assaults were committed as part of a pattern of abuse. Specifically, he asserts (a) that the trial court erred in failing to instruct the jury that a finding that Mr. Rea's assaults were committed as part of a pattern of sexual abuse was contrary to law, (b) that the existence of a pattern should have been determined on a verdict form separate from the verdict forms for the underlying offenses, and (c) that the jury was not unanimous in its pattern finding. As his second claim, he alleges insufficiency of the evidence due to the lack of corroboration of the victims' testimony with DNA evidence. As his third claim, he alleges that the jury never found the existence of the pattern necessary to sustain an enhanced sentence.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. ***See Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement.

4

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents contend that Mr. Rea's first subclaim, i.e., that the trial court erred in failing to instruct the jury that a finding that his assaults were committed as part of a pattern of sexual abuse was contrary to law, is not cognizable in this habeas corpus action because Mr. Rea fails to support his claim with any factual or legal basis. The Court agrees. Although Mr. Rea was given an opportunity to file an amended application that clarified his claims, claim 1(a) fails to comply with the pleading requirements of Fed. R. Civ. P. 8 and with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules), which requires that a habeas corpus application specify all the grounds for relief available to the

applicant, the facts supporting each ground, and the relief requested. Here, Mr. Rea's claim that the failure to instruct the jury that a pattern finding was contrary to law fails to state either a factual or legal basis for the claim. Therefore, claim 1(a) will be dismissed for failure to comply with Fed. R. Civ. P. 8 and with Rule 2(c) of the Section 2254 Rules.

Mr. Rea's second subclaim, i.e., that the existence of a pattern should have been determined on a verdict form separate from the verdict forms for the underlying offenses, is not exhausted for two reasons. First, Mr. Rea argued a different claim on direct appeal, i.e., that the trial court committed plain error by failing to submit to the jury a verdict form that treated "pattern of abuse" as a sentence enhancer, rather than as an element of a criminal offense. *See* original pre-answer response, ex. S at 23. Secondly, he failed to present subclaim 1(b) as a federal constitutional claim in the state courts, citing instead to state law for the proposition that a pattern of abuse is not an element of a crime, but only a sentence enhancer. Because a claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted, *see Duncan*, 513 U.S. at 365-66, subclaim 1(b) is not exhausted.

Although Mr. Rea failed to exhaust state court remedies for subclaim 1(b), the Court may not dismiss the claim for failure to exhaust state remedies if Mr. Rea no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists because any future claim would be denied as successive under Colo. R. Crim. P. 35(c)(3) because it could have been presented in an appeal previously brought. *See* Rule 35(c)(3)(VII). Therefore, subclaim 1(b) that Mr. Rea failed to exhaust is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Rea's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Rea must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Rea first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* Mr. Rea then must

demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Rea fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, the Court finds that subclaim 1(b), which Mr. Rea failed to exhaust, is procedurally barred because Mr. Rea has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice.

Mr. Rea's final subclaim 1(c) is that the jury was not unanimous in its pattern finding. Specifically, Mr. Rea alleges that the trial court erred in failing to ensure that the jury unanimously agreed on the two or more assaults on one of the victims that were the predicate act and the act forming the pattern of sexual abuse. Although Colo. Rev. Stat. § 16-10-108 requires unanimity in jury verdicts, there is no federal right to a unanimous jury verdict for state criminal defendants in noncapital cases. *See Johnson v. Louisiana*, 406 U.S. 356 (1972), *Schad v. Arizona*, 501 U.S. 624, 634 n.5 (1991). Subclaim 1(c) fails to raise a federal constitutional violation and, as a result, is not cognizable in this habeas corpus action. *See* 28 U.S.C. § 2254(a). Therefore, whether Mr. Rea presented subclaim 1(c) as a federal constitutional claim in the state courts is irrelevant.

As his second claim, Mr. Rea alleges insufficiency of the evidence. He specifically asserts (1) that there was no DNA evidence to corroborate the victims' testimony, (2) that "NO jury may return a verdict which is flatly opposed to physical facts," amended application at 6, and (3) that the prosecution failed to prove any count beyond a reasonable doubt. While not word-for-word identical to the claim Mr. Rea

raised on direct appeal, this claim is similar enough that the Court will consider it exhausted.

As his third claim, Mr. Rea asserts that the jury never found the existence of the pattern necessary to sustain an enhanced sentence. Respondents concede that Mr. Rea did present this argument to the Colorado Court of Appeals on direct appeal. *See* original pre-answer response, ex. S at 23. However, Mr. Rea failed to present his third claim as a federal constitutional claim in the state courts. Because a claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted, *see Duncan*, 513 U.S. at 365-66, claim three is not exhausted.

Although Mr. Rea failed to exhaust state court remedies for claim three, the Court may not dismiss the claim for failure to exhaust state remedies if Mr. Rea no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists for the simple reason that any future claim would be denied as successive under Colo. R. Crim. P. 35(c)(3) because it was raised or resolved in a prior appeal. *See* Rule 35(c)(3)(VI). Therefore, claim three that Mr. Rea failed to exhaust is procedurally defaulted.

As previously stated, federal courts, as a general rule, "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson*, 143 F.3d at 1317. Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. Mr. Rea's *pro se* status does

not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo*, 38 F.3d at 1130.

To demonstrate cause for his procedural default, Mr. Rea must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray*, 477 U.S. at 488; *Salazar*, 323 F.3d at 855. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also Cervini*, 379 F.3d at 991-92. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup*, 513 U.S. at 324. To demonstrate a fundamental miscarriage of justice, Mr. Rea first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id*. Mr. Rea then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Mr. Rea fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, the Court finds that claim three, which Mr. Rea failed to exhaust, is procedurally barred because Mr. Rea has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice. Accordingly, it is

ORDERED that the amended habeas corpus application is denied in part. It is

FURTHER ORDERED that subclaim 1(a) is dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It is

FURTHER ORDERED that subclaim 1(b) and claim three are dismissed as procedurally barred. It is

FURTHER ORDERED that subclaim 1(c) is dismissed because it fails to raise a federal constitutional violation and is not cognizable in a habeas corpus action. It is

FURTHER ORDERED that claim two and this action will be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 4 day of March, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01608-BNB

Michael D. Rea
Prisoner No. 118902
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/5/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk